**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13891

Non-Argument Calendar

_____

LOURDES VERONICA VILLANUEVA-QUIROZ,

IRVIN DAVID MATUTE-MORADEL,

N. M. MATUTE-VILLANUEVA,

H. N. MATUTE-VILLANUEVA,

DAYANA CELESTINA LOPEZ-VILLANUEVA,

VERONICA DANIELA LOPEZ-VILLANUEVA,

JOB DANIEL LOPEZ-VILLANUEVA,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-732-576
_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Lourdes Villanueva-Quiroz, as the lead petitioner for herself and her derivative family members, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture protection. She argues that the BIA failed to provide reasoned consideration of her arguments for asylum. After thorough review, we deny the petition.

We review the decision of the BIA and the decision of the IJ to the extent the BIA expressly adopted it. *Kazemzadeh v. U.S. Att'y. Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We review de novo whether the BIA afforded "reasoned consideration" to a petitioner's claim. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). Issues not raised in a petition for review are deemed abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

To enable our review, the BIA must have given "reasoned consideration" to an application for relief and made "adequate findings." *Ali*, 931 F.3d at 1333 (citation modified). A reasoned-consideration examination is not a review of the agency's fact findings or legal conclusions, but instead, a threshold determination of

25-13891                Opinion of the Court                3

whether the decision is sufficient to permit review. *Id.* To show reasoned consideration, the BIA's decision need only convince us the BIA "has heard and thought about the case and not merely reacted." *Id.* (citation modified). And while the agency must consider all evidence a petitioner submits, it need not specifically address every piece of evidence. *Id.* at 1333–34. We've sustained reasoned-consideration claims under three sets of circumstances: when the BIA "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.* at 1334 (citation modified).

A noncitizen applying for asylum must show that her persecution is inflicted by the government or private actors that the government is unwilling or unable to control. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948–50 (11th Cir. 2010); *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344–45 (11th Cir. 2007). "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Here, the BIA gave reasoned consideration to Villanueva-Quiroz's asylum arguments.[1] Her application disclosed that her

---

[1] Villanueva-Quiroz does not raise the issue of whether the BIA's conclusions relied on substantial evidence. She only mentions "substantial evidence" in a boilerplate recitation of the law, prior to her argument section. Therefore,

former partner was the leader of a gang in Honduras called Los Guatos; that, after her former partner was killed by the police in 2008, members of the gang contacted her because they wanted her son to join the gang; and that members of the gang fought and killed each other. Villanueva-Quiroz said she feared the Los Guatos would continue to threaten, harm, and kill her and her family if they returned to Honduras.

In denying her claim for asylum, the IJ found, among other things, "no evidence" of any involvement in her and her family's abuse by the Honduran government, or actors the government was unable or unwilling to control. The BIA affirmed the IJ, specifically noting that the IJ did not err in finding that Villanueva-Quiroz failed to establish that the Honduran government was unable or unwilling to control Los Guatos.

As the record reflects, the BIA expressly considered and rejected Villanueva-Quiroz's argument that the IJ erred in determining that she failed to show that the Honduran government was unable or unwilling to control Los Guatos. This included Villanueva-Quiroz's claim that the police provided no further support after investigating her home and did not arrest the murderers of her former partner's relatives. Indeed, in its decision -- which concluded that the IJ did not err because failure to arrest does not amount to unwillingness or inability -- the BIA used terms sufficient to enable us to perceive that it heard, thought, and did not merely react. *Ali*,

---

Villanueva-Quiroz abandoned the substantial evidence issue, and we need only address her reasoned consideration claim. *Sepulveda*, 401 F.3d at 1228 n.2.

931 F.3d at 1333.[2]  Further, to the extent the BIA mentioned the death of Villanueva-Quiroz's former partner, this was not the reason for its dismissal, nor did it make any determination about her well-founded fear of future persecution.  Finally, the fact that the BIA limited its decision to one prong of the asylum claim does not mean that it failed to provide reasoned consideration, since, notably, that issue was dispositive to her claim.  *Ayala*, 605 F.3d at 950; *Lopez*, 504 F.3d at 1344–45; *Bagamasbad*, 429 U.S. at 25.

Accordingly, we deny Villanueva-Quiroz's petition for review.

**PETITION DENIED.**

---

[2] Likewise, the IJ said he'd considered the parties' arguments and entire record carefully.  He also expressly noted the country conditions reports concerning police corruption and impunity, as well as responsive efforts, and the evidence concerning later actions by Los Guatos.  In any event, even if he did not discuss all of the evidence, he was not required to nor did he misstate the contents of the record.  *Ali*, 931 F.3d at 1333–34.